**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIFLAY TEKLELDET GEBRU, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.  16-71242 <br><br> Agency No. A089-669-262 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2017[**]

Before:     McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Kiflay Tekleldet Gebru, a native of Ethiopia and citizen of Eritrea, petitions

pro se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Gebru's testimony and declaration as to the length of his detention at the police station and details of his physical mistreatment during interrogation. *See id.* at 1048 (adverse credibility determination reasonable under the "totality of circumstances"). Gebru's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, in this case, Gebru's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Gebru's CAT claim also fails because it is based on the same statements the agency found not credible, and the record does not otherwise compel a finding that it is more likely than not he would be tortured if returned to Eritrea. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006).

Finally, we reject Gebru's contention that the agency failed to consider record evidence. *See Larita-Martinez v. INS,* 220 F.3d 1092, 1095-96 (9th Cir.

16-71242

2000); *Almaghzar v. Gonzales,* 457 F.3d 915, 922 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**